UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
KEMEALO TCHALIM, on behalf of herself and
all other persons similarly situated,

                                     Plaintiff,

    -against-

150 RIVERSIDE OP. LLC d/b/a The Riverside Premier
Rehabilitation and Healing Center,

                                     Defendant.
------------------------------------------------------------------------X

**CLASS ACTION COMPLAINT**

*Jury Trial Demanded*

Plaintiff, KEMEALO TCHALIM ("Plaintiff"), on behalf of herself and all other persons similarly situated, by and through her attorneys, the Law Office of Peter A. Romero PLLC, complaining of the Defendant, 150 RIVERSIDE OP. LLC d/b/a The Riverside Premier Rehabilitation and Healing Center ("Defendant"), alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff was employed by Defendant as a "Manual Worker" as defined by New York Labor Law ("NYLL") § 190(4) having worked for Defendant in New York as a Certified Nursing Assistant ("CNA") at its facility located at 150 Riverside Drive, New York, NY 10024.

2. Defendant paid Plaintiff and other individuals who work and/or have worked for Defendant in the State of New York as certified nursing assistants, dietary aides, housekeeping aides, maintenance workers and supply clerks on a biweekly basis.

3. As a result, Defendant violated the requirement that manual workers be paid within seven days after the end of the workweek in accordance with NYLL § 191(1)(a), and the requirement that employees "be paid on the regular pay day" under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

1

4. Plaintiff brings the First and Second Claims for Relief under the FLSA § 216(b) and NYLL § 198, respectively, for liquidated damages and interest, arising from Defendant's violation of the FLSA and NYLL § 191.

5. Because Plaintiff and her co-workers are similarly situated and the statute of limitations is continuing to run against them until they file a consent to join this action, Plaintiff seeks certification of this matter as a collective action and leave to notify the "FLSA Collective," as defined as follows:

> All individuals who work and/or have worked for Defendant in the State of New York as certified nursing assistants, dietary aides, housekeeping aides, maintenance workers and supply clerks at any time in the three years prior to the filing of this Complaint.

6. Because the harm suffered by Plaintiff and her co-workers was widespread, Plaintiff brings this case as a class action and will seek certification under Federal Rule of Civil Procedure 23 ("Rule 23") for the following "Class":

> All current and former employees of Defendant who work and/or worked for Defendant in the State of New York as certified nursing assistants, dietary aides, housekeeping aides, maintenance workers and supply clerks at any time during the six years prior to the filing of this Complaint until the date of judgment in this action.

7. Plaintiff also brings this action against Defendant to remedy discrimination in employment in violation of Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981") and the New York State Human Rights Law, N.Y. Executive Law § 290 et seq. (hereinafter ("NYSHRL"). Plaintiff seeks injunctive and declaratory relief, compensatory damages, punitive damages, attorneys' fees and other appropriate relief.

## JURISDICTION AND VENUE

8. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

9. Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

10. Plaintiff is an adult Black female (COUNTRY OF ORIGIN).

11. Defendant is a Delaware limited liability company.

12. At all times relevant, Plaintiff was an "employee" within the meaning of NYLL § 190(2) and a "manual worker" within the meaning of NYLL § 190(4).

13. At all times relevant, Defendant was an "employer" within the meaning of 29 U.S.C. § 203(d) and NYLL § 190(3).

14. At all times relevant, Defendant employed employees who regularly engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of 29 U.S.C. §§ 203(b), (g), (i), (j), (r) & (s).

15. Defendant's annual gross volume of business is not less than $500,000 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

## FACTUAL ALLEGATIONS

16. Defendant operates a short-term rehabilitation and long-term nursing center at 150 Riverside Drive, New York, NY 10024.

17. Plaintiff was employed by Defendant as a CNA from in or about December 5, 2005 until in or about November 25, 2022.

18. Plaintiff's duties as a CNA included assisting in lifting, turning, moving, positioning, and transporting residents into and out of bed, chairs, bath, and lifts, and assisting residents with activities of daily living such as bathing, dressing, and feeding.

19. At all times relevant, Plaintiff was an "employee" as defined by 29 U.S.C. § 203(e)(1).

20. At all times relevant, Plaintiff was an "employee" as defined by NYLL §§ 190(2), 651(5).

21. During her employment with Defendant, most of Plaintiff's time was spent performing physical tasks.

22. Plaintiff's primary duties as a CNA were non-clerical, non-managerial, and not related to sales.

23. At all times relevant to the Complaint, Plaintiff was a "manual worker" within the meaning of NYLL § 190(4).

24. Plaintiff was entitled to payment of her wages within seven calendar days after the end of the workweek, in accordance with NYLL § 191(1)(a).

25. Defendant, however, failed to pay Plaintiff her wages within seven calendar days after the end of the workweek, in accordance with NYLL § 191(1)(a). Instead, Defendant paid Plaintiff her wages every two weeks in violation of NYLL § 191(1)(a).

26. For example, on February 10, 2022, Defendant paid Plaintiff for work performed from January 23, 2022 to February 5, 2022. The first week of this payment cycle ended on January 29, 2022. Defendant paid Plaintiff 12 days after January 29, 2022.

27. Every time that Defendant failed to pay Plaintiff and Class Members their wages earned within seven days of the end of the workweek, Defendant deprived them of the use of money to which they were legally entitled.

28. As a result of Defendant's failure to timely pay their wages, Plaintiff and Class Members lost the time value of money.

29. Defendant has employed individuals who have worked for Defendant in the State of New York as CNA'S, dietary aides, housekeeping aides, supply clerks, and maintenance workers and who have spent more over 25% of their working time performing physical tasks such as: cooking; cleaning; carrying, lifting or otherwise moving people, food, materials, supplies, and equipment; and remaining on their feet to complete their duties.

30. Defendant has employed dietary aides who assist in assembling diet trays; deliver food carts to designated areas; collect food trucks when meals are finished to return to the dish room; wash dishes and utensils; prepare and deliver snacks to nursing units; maintain the cleanliness of the kitchen; sweep and mop floors; carry out garbage; prepare items to be used on an assembly line; and work on an assembly line to prepare meals for residents.

31. Defendant has employed housekeeping aides who perform housekeeping services such as Perform day to day housekeeping services such as cleaning, dusting, mopping, and collecting trash.

32. Defendant has employed supply clerks who receive, store and replenish supplies; receive deliveries into building; maintain the central supply area in an organized fashion; and restock each unit's stock room.

33. Defendant has employed maintenance workers who maintain and repair Defendant's facility and perform painting, carpentry and other construction tasks in the upkeep

of the building; perform installation, maintenance, repair and construction work, such as carpentry, painting, electrical, plumbing, locksmith, carpet, and mechanics; perform installation and maintenance of roofs, furniture, fences, cabinets, and shelving; prepare and paint walls and woodwork; and refinish, install and repair carpet.

34.     The individuals who have worked for Defendant as CNA's, dietary aides, housekeeping aides, supply clerks and maintenance workers in the State of New York are "manual workers" within the meaning of NYLL § 190(4).

## THE FLSA COLLECTIVE ACTION

35.     Plaintiff seeks to proceed as a collective action with regards to the First Claim for Relief, pursuant to 29 U.S.C. § 216(b) on behalf of herself and the FLSA Collectives.

36.     At any given time, Defendant employs over 200 individuals who were employed as CAN's, Dietary Aides, Housekeeping Aides, Maintenance Workers and Supply Clerks.

37.     Upon information and belief, there are approximately more than 200 current and former similarly situated employees in the FLSA Collective.

38.     Plaintiff represents other employees and is acting on behalf of Defendant's current and former employees' interests as well as her own interests in bringing this action.

39.     The FLSA Collective is readily identifiable and locatable through Defendant's records. The FLSA Collective should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b). Unless the Court promptly issues such a notice, the FLSA Collectives, who have been unlawfully deprived of minimum wages in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by Defendant.

## **CLASS ACTION ALLEGATIONS**

40. Plaintiff brings this action on this action on her behalf and as a class action, pursuant Rule 23(a) and (b), on behalf of the Class.

41. The persons in the Class are so numerous that joinder of all members is impracticable. Although, the precise number of such persons is unknown, and facts on which the calculation of that number can be based are presently within the sole control of Defendant.

42. Upon information and belief, the size of the Class exceeds 100. This case is properly maintainable as a class action under Rule 23(b)(3). There are questions of law and fact common to the Class that predominate over any questions solely affecting individual members of Class, including but not limited to whether Defendant failed to pay timely wages to Plaintiff and the Class in violation of and within the meaning of the N.Y. Lab. Law § 191(1)(a); whether Defendant acted in good faith when failing to pay Plaintiff and the Class timely; and the nature and extent of class-wide injury and the measure of damages for those injuries. Plaintiff will fairly and adequately protect the interests of the Class and has no interests antagonistic to the class.

43. Plaintiff is represented by attorneys who are experienced and competent in both class litigation and employment litigation.

44. Plaintiff and the Class have been equally affected by Defendant's failure to pay proper wages. Moreover, members of the Class still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

45. Defendant acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

46. Plaintiff's claims are typical of those of the Class. Plaintiff and the Class were subjected to Defendant's policies, practices, programs, procedures, protocols and plans alleged herein concerning the failure to pay timely wages.

47. Plaintiff's job duties and manner of payment are typical of those of the Class. Plaintiff and the Class spent over 25% of their working time on physical labor such as: cooking; cleaning; carrying, lifting, or otherwise moving people, food, materials, supplies, and equipment; and remaining on their feet to complete their duties.

48. Plaintiff and the Class were paid every other week.

49. Defendant applied their biweekly payment policy to the Class uniformly.

50. Plaintiff and the Class were uniformly deprived of the time value of their earned wages during periods in which payment was illegally delayed.

51. Plaintiff and the Class were uniformly deprived of the ability to use their earned wages - money to which they were legally entitled - during periods in which payment was illegally delayed.

52. Plaintiff and the Class lost the time value of their earned wages. Defendant, however, benefited from the delayed payments. That is, among other things, Defendants reduced its administrative costs by paying less frequently than required and use the extra money they were holding onto as they pleased until payroll was cut.

53. A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The Class has been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures.

Although the relative damages suffered by individual members of the Class are not de minimis, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

***Discrimination***

54. Plaintiff is an immigrant from the Togolese Republic ("Togo"), a country in West Africa.

55. During her employment with Defendant, Plaintiff was subject to harassment by Nathanial Patillo ("Patillo"), Assistant Director of Nursing/Director of Staff Development because of her race and national origin.

56. Patillo singled Plaintiff out for harsh criticism and berated Plaintiff in the presence of co-workers and residents. Patillo's demeanor when speaking to Plaintiff demonstrated hostility and animus toward Plaintiff, and differed remarkably from the demeanor that he used when speaking with employees who were African-American.

57. In December 2021, Patillo removed Plaintiff from the floor purportedly because she was not wearing an N-95 mask. None of the employees on the floor on which Plaintiff was working were wearing an N-95 mask, but Plaintiff was the only employee that Patillo removed.

58. Patillo's discriminatory harassment of Plaintiff interfered with her ability to work and created a hostile work environment.

59. As a result of Patillo's discriminatory harassment, Plaintiff has suffered, and continues to suffer severe emotional harm and distress. Plaintiff has been diagnosed with anxiety for which she has been prescribed medication.

60. Plaintiff complained about Patillo's discriminatory harassment to human resources, as well as to Defendant's Administrator, Jake Hartstein, but Patillo's conduct toward her continued unabated.

61. As a proximate result of Defendant's discriminatory action, Plaintiff has suffered and continues to suffer emotional harm, mental anguish, embarrassment and humiliation.

**FIRST CLAIM FOR RELIEF**
**FLSA Failure to Pay Timely Wages**
**On behalf of Plaintiff and the FLSA Collective**

62. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

63. Plaintiff and members of the FLSA Collective are current and former employees entitled to on-time payment of their statutorily required wages after the workweek ends. *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945).

64. Defendant, however, withheld Plaintiffs and the FLSA Collective's federally mandated wages for about 11 days after the conclusion of the workweek.

65. This delay was pursuant to a companywide policy and practice to pay Defendant's employees on a biweekly basis.

66. Such a delay is inherently unreasonable, as Defendant were required by New York law to pay Plaintiff and the FLSA Collective within seven days after the end of the workweek.

67. Defendant failed to make a good faith effort to comply with the FLSA with respect to compensating Plaintiff and the FLSA Collective.

68. Because Defendant's violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

69. As a consequence of the willful delay of wages, alleged above, Plaintiffs and the FLSA Collective incurred damages and seek to recover interest, liquidated damages, attorneys' fees, and costs in an amount to be determined at trial.

## SECOND CLAIM FOR RELIEF
## FREQUENCY OF PAY

70. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

71. Plaintiff and Class Members are manual workers as defined by NYLL § 190(4).

72. Defendant was required to pay the Plaintiff and Class Members on a weekly basis, and no later than seven days after the end of the workweek in which the wages were earned.

73. Defendant failed to pay Plaintiff and Class Members on a weekly basis and instead paid Plaintiff and Class Members bi-weekly or semi-monthly in violation of NYLL § 191.

74. Every time that Defendant failed to pay Plaintiff and Class Members their wages earned within seven days of the end of the workweek, Defendant deprived them of the use of money to which they were legally entitled.

75. As a result of Defendant's failure to timely pay their wages, Plaintiff and Class Members lost the time value of money.

76. Plaintiff and Class Members are entitled to damages equal to the total of the delayed wages and reasonable attorney's fees and costs.

## THIRD CLAIM FOR RELIEF
## VIOLATION OF SECTION 1981

77. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

78. Plaintiff was subject to discrimination and harassment because of her race and national origin violation of Section 1981 of the Civil Rights Act of 1866.

79. As a proximate result of the discrimination described herein, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages in an amount to be determined at trial.

80. The conduct described herein was done in conscious disregard of Plaintiff's rights.

**FOURTH CLAIM FOR RELIEF**
**NYCHRL DSICRIMINATION**

81. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

82. Plaintiff was subject to discrimination and harassment because of her race and national origin violation of the New York City Human Rights Law.

83. As a proximate result of the discrimination described herein, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages in an amount to be determined at trial.

84. The conduct described herein was done in conscious disregard of Plaintiff's rights.

**JURY TRIAL DEMANDED**

85. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

86. Plaintiff requests a trial by jury.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for the following relief:

(i.)  Leave to give notice to the FLSA Collective that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

(ii.)  Certification of a Class Action pursuant to F.R.C.P. 23;

(iii.)  Designation of Plaintiff as representative of the Class and counsel of record as Class Counsel;

(iv.)  Issuance of a declaratory judgment that the practices complained of are unlawful;

(v.)  Liquidated Damages pursuant to NYLL § 198;

(vi.)  Compensatory damages;

(vii.)  Pre-judgment and post-judgment interest as permitted by law;

(viii.)  Reasonable attorneys' fees and the costs incurred in prosecuting these claims; and

(ix.)  Such other relief as this Court deems just and proper.

Dated: Hauppauge, New York
January 5, 2023

                                     LAW OFFICE OF PETER A. ROMERO PLLC

                    By:  */s Peter A. Romero*
                                  _____
                                  Peter A. Romero, Esq.
                                  490 Wheeler Road, Suite 250
                                  Hauppauge, New York 11788
                                  Tel. (631) 257-5588
                                  promero@romerolawny.com

                                  *Attorneys for Plaintiff*